Nathaniel L. Dilger (Bar No. 196203)
ndilger@onellp.com
Peter R. Afrasiabi, Esq. (Bar No. 193336)
pafrasiabi@onellp.com
Christopher W. Arledge (Bar No. 200767)
carledge@onellp.com
Joseph K. Liu (Bar No. 216227)
jliu@onellp.com
ONE LLP
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiffs,
Fan Bao and ZICO USA. Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAN BAO, an individual, and ZICO USA, INC., a California corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>GLASMOKE SOLUTIONS LLC, a California limited liability company; GLASMOKE CRAFTS FACTORY CO., LTD., an entity form unknown; TONY LIN, an individual, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:14-cv-08626<br><br>**COMPLAINT FOR:**<br><br>  1) **PATENT INFRINGEMENT**<br><br>  2) **FEDERAL TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Fan Bao and Zico USA, Inc. (collectively "Zico" or "Plaintiffs") by and through their attorneys of record, complains against Defendants Glasmoke Solutions LLC, Glasmoke Crafts Factory Company, Ltd., Tony Lin, an individual, and DOES 1 through 10 (collectively "Defendants"), alleging as follows:

## JURISDICTION AND VENUE

1. This is an action for damages, declaratory and injunctive relief against Defendants for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq* and infringement of a registered trademark brought pursuant to the Lanham Act of 1946, 15 U.S.C. 1051, *et seq*. This Court has original jurisdiction under 28 U.S.C. § 1338(a) and (b) and 28 U.S.C. § 1331 over Zico's claims for relief.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b). Upon information and belief, Defendants all transact business in this Judicial District. Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the California Long-Arm Statute, Cal. Code of Civ. Proc. § 413.10, and Fed. R. Civ. P. 4(e).

## PARTIES

3. Plaintiff Fan Bao is an individual having a business address of 17005 Evergreen Place, #B, City of Industry, CA 91745. Mr. Bao is the owner and principal of Plaintiff Zico USA, Inc. ("Zico"), a corporation incorporated and existing under the laws of California, with a principal place of business located at that same address.

4. Zico is an innovator in the development of a leaves and seeds hand grinder ("Zico Grinder") and numerous other implements to assist in the enjoyment of tobacco products. The Zico Grinder is the most advanced and well-designed grinder available. Zico's innovation is confirmed by the fact that it holds United States Patent No. 7,422,170 ("the '170 patent) issued on September 9, 2008 and entitled "LEAVES AND SEEDS HAND GRINDER." A true and correct copy of the '170 patent is attached hereto as Exhibit A. True and correct photographs of the genuine Zico Grinder are attached hereto as Exhibit B. A true and correct copy of a purported "Authentic Sharpstone Grinder" price list that was obtained from defendants is attached hereto as Exhibit C.

5. Plaintiff Fan Bao is the owner of all right, title and interest in the '170 patent including, without limitation, the right to sue for infringement.

6. Plaintiff Zico is the owner of Federal Trademark Registration Number 3471531, issued on July 22, 2008, for the word mark "Sharpstone" for tobacco grinders.

7. On information and belief, Defendant Glasmoke Solutions LLC is a California limited liability company, with its principal place of business at 18234 Prairie Ave., Torrance, CA 90504 that makes, sells and offers for sale grinders.

8. On information and belief, Defendant Glasmoke Crafts Factory Co., Ltd. is a business, form unknown, with its principal place of business at 3108 Avenue R, Brooklyn, NY 11234.

9. On information and belief, Defendant Tony Lin is an individual residing at 3108 Avenue R, Brooklyn, NY 11234. On information and belief, Defendant Lin is a principal of Defendants Glasmoke Solutions LLC and Glasmoke Crafts Factory Co., Ltd.

## DEFENDANTS' UNLAWFUL CONDUCT

10. On information and belief, Defendants, and each of them, make, sell, and offer for sale grinders, including a grinder virtually identical to the Zico Grinder ("the Counterfeit Grinder"). The Counterfeit Grinder is not only virtually identical to the Zico Grinder, it is marked with both the '170 patent number as well as the "SharpStone" trademark. True and correct photographs of Defendants' Counterfeit Grinder are attached hereto as Exhibit D.

11. None of the products listed in the Exhibit C are authentic Sharpstone Grinder products.

12. The fact that the Counterfeit Grinder bears both the Plaintiff's '170 patent number and Plaintiff's "SharpStone" trademark demonstrates the willful nature of Defendants' infringing conduct.

13. The fact that the Counterfeit Grinder bears both the Plaintiff's '170 patent number and Plaintiff's "SharpStone" trademark also demonstrates that Defendants are engaged in a brazen, intentional effort to pass off their Counterfeit Grinder as an authentic Zico Grinder.

14. These unlawful acts constitute the intentional use of a mark, knowing such designation is a counterfeit mark, in connection with the sale, offering for sale, or distribution of goods.

## FIRST CLAIM FOR RELIEF

(**Patent Infringement of the '170 Patent Against Defendant, 35 U.S.C. § 271**)

15. Zico incorporates here by reference the allegations in paragraphs 1 through 15 above.

16. Defendants have infringed, induced infringement of, and contributorily infringed the '170 patent, and continue to do so, by making, manufacturing, using, selling, and/or offering for sale products, including specifically the Counterfeit Grinder, and as such infringe the '170 patent.

17. Zico is informed and believes that, among other acts of infringement Defendants have offered the infringing products for sale in this judicial district.

18. Defendants' infringement of the '170 patent is so brazen as to include Zico's trademark and the '170 patent number on the infringing product. That Defendants' infringement has been willful, wanton, and deliberate infringement is incontrovertible.

19. As a result of the acts of Defendants alleged herein, Zico has been damaged in an amount to be proved at trial.

20. Zico believes, and on that basis alleges, that Defendants' infringement of the '170 patent is willful, wanton, and deliberate, and that this is an exceptional case entitling Zico to attorneys' fees and treble damages.

## SECOND CLAIM FOR RELIEF

(**Federal Trademark Infringement**)

21. Zico incorporates here by reference the allegations in paragraphs 1 through 20 above.

22. Zico is the legal owner of the trademark "Sharpstone", Registration Number 3471531, used in connection with International Class 34 (Smokers' articles).

23. The SharpStone mark is nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality.

24. Defendants' use of Plaintiff's trademark constitutes direct infringement, induced infringement, and contributory trademark infringement under the Lanham Act.

25. At no time did Defendants have the authorization, legal right, or consent to engage in such activities in total disregard of Zico's trademark rights.

26. Defendants' use of the infringing mark is identical in look, feel, and placement on the grinder to Plaintiffs' use of the "SharpStone" mark.

27. Defendants utilized the same or similar marketing channels for the Counterfeit Grinder.

28. The SharpStone mark is strong in that it is a fanciful term and is federally registered.

29. No degree of care exercised by the consumer could distinguish between the Zico Grinder and Defendants' Counterfeit Grinder.

30. By means of the actions complained of herein, Defendants, and each of them, have misappropriated Zico's acquired goodwill and have willfully and intentionally infringed and continue to infringe Zico's "SharpStone" trademark.

31. Defendants' actions complained of herein were deliberate and intentional.

32. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their business and reputation unless Defendants are restrained by this Court.

33. Zico has no adequate remedy at law.

34. Zico is likely to prevail in its claims of trademark infringement against Defendants and is thereby entitled to an injunction restraining Defendants, and all persons acting in concert with them, from engaging in such further trademark violations.

35. Zico is further entitled to recover the damages, including attorneys' fees, it has sustained as well as Defendants' gains, profits and advantages obtained as a result of the infringing acts as alleged herein, and costs of the this action pursuant to 15 U.S.C. 1117(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Zico requests judgment against Defendants as follows:

### **On the First Cause of Action, Patent Infringement, '170 Patent**:

1. Enjoining Defendants, their officers, agents, servants, employees, and all persons acting in concert with any of them, from infringing the '170 patent, from inducing others to infringe the '170 patent, and from contributing to any infringement of the '170 patent;

2. Awarding Zico compensatory damages for Defendants' infringement of the '170 patent, in an amount according to proof at trial, and trebling such damages by reason of the willful, wanton and deliberate nature of such infringement;

3. Declaring this an exceptional case and awarding RMI its attorneys' fees and costs in this action;

4. Assessing and awarding prejudgment interest on all damages.

### **On the Second Cause of Action, Lanham Act Claims**:

1. Awarding Zico compensatory damages for Defendants' deceptive statements, in an amount according to proof;

2. Ordering Defendants to account for all profits received as a result of their unlawful acts;

3. Requiring Defendants to disgorge all profits received as a result of their unlawful acts;

4. Declaring this an exceptional case under 15 U.S.C. § 1117(a) and awarding Zico its attorneys' fees and costs in this action.

5. General and Special damages to be proven at trial, to the extent allowed by law;

### **On all Causes of Action**:

1. For recovery of all costs incurred by Plaintiffs in this action, including such attorneys' fees as may be recoverable;

2. Prejudgment interest; and

3. For such other and further relief as the Court may deem just and appropriate.

Dated: November 6, 2014                  ONE LLP

                               By: /s/ Nathaniel L. Dilger
                                     Nathaniel Dilger, Esq
                                     Attorneys for Plaintiffs,
                                     Fan Bao and ZICO USA, Inc.

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Zico hereby demands trial by jury of all issues so triable under the law.

Dated: November 6, 2014                    ONE LLP


By: /s/ Nathaniel L. Dilger
Nathaniel Dilger, Esq
Attorneys for Plaintiffs,
Fan Bao and ZICO USA, Inc.